UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Helle, | : | Case No. 3:06CV0150 |
| | : | |
| Petitioner | : | |
| | : | Judge Christopher A. Boyko |
| v. | : | |
| | : | |
| Terry J. Collins, Director Ohio Department | : | Magistrate Judge David S. Perelman |
| of Rehabilitation and Corrections, and | : | |
| Sara Andrews, Director Ohio Adult Parole | : | |
| Authority, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondents | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his December 22, 2003 conviction pursuant to his plea of no contest to one count of importuning, upon which he was adjudicated to be a sexually oriented offender and was sentenced on February 3, 2004 to four years community control with the Ohio Adult Parole Authority.[1]

Petitioner's case was summarized by the state appellate court, in pertinent part, as follows:

> On July 17, 2003, the Allen County Grand Jury indicted Helle on one count of importuning and one count of attempted unlawful sexual conduct with a minor. The indictment was based upon Helle's attempts to solicit sex via the internet from a police officer

---

[1]Petitioner had also been charged with one count of attempted unlawful sexual conduct with a minor, but that charge was dismissed upon entry of his plea.

1

>who was posing as a fourteen year old girl. Helle entered not guilty pleas to both counts. On October 31, 2003, Helle filed a motion to dismiss the indictment, claiming that R.C. 2907.07(E)(2), which has now been renumbered R.C. 2907.07 (D)(2), was unconstitutional. The trial court overruled the motion on December 2, 2003. On December 22, 2003, Helle withdrew his not guilty plea and entered a plea of no contest to the importuning charge. The attempted unlawful sexual conduct with a minor charge was dismissed pursuant to a plea agreement. On February 2, 2004, a sentencing hearing was held and Helle was sentenced to four years of community control.

In his appeal to the Ohio Third District Court of Appeals petitioner asserted as his single assignment of error:

>I. The trial court erred when it denied Appellant's motion to dismiss Count One of the indictment in this case as the offense charged, importuning, R.C. 2907.07(E)(2),[2] violates the constitution of the United States and the constitution of the State of Ohio.

On August 23, 2004 the appellate court affirmed the judgment of conviction.

Petitioner appealed that ruling to the Ohio Supreme Court alleging the following proposition of law:

>**Proposition of Law No. I:** R.C. 2907.07(D)(2) violates the Free Speech and Due Process Clauses of the constitution of the United States and the constitution of the State of Ohio.

On February 2, 2005 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On January 20, 2006 the petitioner filed the instant petition in which he raises as his sole claim for relief:

>A. **GROUND ONE:** Ohio's importuning statute violates the

---

[2]Ohio Revised Code §2907.07(E)(2) has now been renumbered to §2907.07(D)(2).

2

First Amendment free speech guarantee.[3]

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[4]

Respondent contends that the third section of petitioner's three-part claim for relief has been procedurally defaulted and, therefore, should be dismissed. In that section he argues that Ohio Revised Code Section 2907.07 is unconstitutional in light of the fact that it punishes "mere thought."

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Under the exhaustion doctrine a petitioner must "'fairly present' the substance of each of his federal constitutional claims to the state courts before the federal courts will address them." Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Failure to fairly present an issue to the state courts results in waiver of that claim and in order to gain access to habeas review of a waived claim a petitioner must demonstrate cause to excuse the waiver and actual prejudice to his/her defense. Coleman v. Thompson, 501 U.S. 722,

---

[3]In lieu of a statement of supporting facts petitioner attached a brief in support of his petition.

[4]There is no dispute as to the timely filing of the original petition.

3

750-51 (1991).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." Id. at 84.

As it is the task of this Court to only consider claims which were adjudicated on the merits in the state courts, this Court generally may not address claims which were not substantively analyzed by the state courts, either due to failure to raise them before the state courts while a remedy was available or due to a state procedural rule precluding merits review of such claim. Claims which fall into that category are procedurally defaulted and may not be considered on federal habeas review. Lancaster v. Adams, 324 F.3d 423, 436 (6th Cir. 2003), citing Seymour v. Walker, 224 F.3d 542, 549-50 (6th Cir. 2000).

The third section of petitioner's three-part claim for relief in which he argues that Ohio Revised Code Section 2907.07 is unconstitutional in light of the fact that it punishes "mere thought" has not been presented to any state court. However, despite the failure to present this claim to the state courts, it may nonetheless be considered as exhausted in light of the fact that petitioner would now be foreclosed from raising it in the state courts due to the longstanding Ohio procedural rule that a claim which could have been but was not raised on direct appeal will be

barred from being raised in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978). Petitioner having failed to demonstrate cause for such procedural default, prejudice arising therefrom, or that this is "an extraordinary habeas corpus case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent...[,]" Murray v. Carrier, 477 U.S. 478 (1986), this Court recommends that the third section of petitioner's three-part sole claim for relief be dismissed.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). A state court adjudication is deemed as being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A state court adjudication is deemed as involving an "unreasonable

application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520.  In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

Petitioner argues that Ohio's importuning statute violates the First Amendment guarantee of free speech because it criminalizes speech between adults which fails to harm an actual minor, rendering it facially unconstitutional in light of the fact that it is not narrowly tailored to serve a compelling governmental interest, and unconstitutional as applied because his communications to a police officer were protected by the First Amendment.

The state appellate court rejected those arguments, finding in pertinent part:

> Helle's sole assignment of error claims that R.C. 2907.07(E)(2) is unconstitutional. This court has previously addressed the constitutionality of this statute in *State v. Snyder*, 155 Ohio App.3d 453, 2003 -Ohio-6399, 801 N.E.2d 876. Like the defendant in *Snyder*, Helle argues that the statute violates his right to free speech and requires the officer to entrap the defendant. In *Snyder*, this

6

court held the following:

> R.C. 2907.07(E)(2) is not aimed at the expression of ideas or beliefs; rather, it is aimed at prohibiting adults from taking advantage of minors and the anonymity and ease of communicating through telecommunications devices, especially the Internet and instant messaging devices, by soliciting minors to engage in sexual activity.* * *
>
> In examining the state's interest in enacting R.C. 2907.07(E)(2), we find that it is significantly compelling to justify restricting the type of speech regulated by the statute. An obvious purpose of the enactment of R.C. 2907.07(E)(2) is to protect minors from the unlawful solicitation of sexual activity by adults, which extends to shielding minors from influences that are not obscene by adult standards.

Id. at ¶19-20. The *Snyder* opinion drew a distinction between "pure" speech and that intended to lure children into sexual activities with adults. While pure speech is protected, the attempt to engage in sexual activity with children under the age of sixteen is not. This statute does not have a "chilling" effect on free speech because one is still free to attempt to entice another adult to engage in sexual conduct, but not a child.

The only constitutional argument posed by Helle that was not addressed by this court in the *Snyder* case is that R.C. 2907.07(E)(2) violates the principles of *Ashcroft v. Free Speech Coalition* (2002), 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403, by criminalizing actions which do not in fact harm children. Fn1

---

fn 1 That argument was not addressed by this court in the *Snyder* case because it was not raised by the appellant at that time.

---

Helle attempts to compare R.C. 2907.07(E)(2) to the virtual child pornography which the *Ashcroft* court held was protected by the First Amendment. We find the *Ashcroft* case is distinguishable from the case sub judice.

In *Ashcroft*, the principle question to be resolved by the Supreme

7

Court was "whether the CPPA [Child Pornography Prevention Act of 1996] [wa]s constitutional where it proscribe[d] a significant universe of speech that [wa]s neither obscene under *Miller* nor child pornography under *Ferber*." Id. at 240. In determining that the production and possession of sexually explicit images that appeared to depict minors but were actually produced without using real children was protected by the First Amendment, the *Ashcroft* court reasoned that absent from the actions prohibited by the CPPA was any "attempt, incitement, solicitation, or conspiracy." Id. at 253. Rather, the *Ashcroft* court held that "[t]he Government ha[d] shown no more than a remote connection between speech that might encourage thoughts or impulses and any resulting child abuse." Id.

It appears that the *Ashcroft* court did not extend its ruling to protect actions prohibited by R.C. 2907.07(E)(2) since the Court held that "[t]he Government, of course, may punish adults who provide unsuitable materials to children* * * and it may enforce criminal penalties for unlawful solicitation." Id. at 251-252. Since R.C. 2907.07(E)(2) governs the conduct of soliciting children to engage in sexual activity, and not the expression of ideas, it does not regulate free speech. *State v. Anthony*, 1st Dist. No. 030510, 2004-Ohio-3894. R.C. 2907.07(E)(2) requires a person to *believe* he is soliciting a minor for sexual activity. If the person so believes that he is soliciting a minor, he intends to violate the statute and his speech is not protected. The statute "does not regulate any type of protected speech as the CPPA attempted to do." *State v. Tarbay*, 157 Ohio App.3d 261, 2004-Ohio-2721, 810 N.E.2d 979, at ¶13. Therefore, the conduct governed by R.C. 2907.07(E)(2) is readily distinguishable from the restricted conduct of producing or possessing pornography that involves only "virtual" images, such as that described in *Ashcroft*.

Helle also claims that the statute requires the police to engage in entrapment. Entrapment only occurs when the police place the idea in the mind of an innocent person and induce the person to commit a criminal offense. *Snyder*, 2003-Ohio-6399, at ¶34.

> Ohio law does not recognize merely affording opportunities or facilities for committing an offense as a legal defense.***
>
> The law permits a police officer to go as far as to suggest an offense and to provide the opportunity for the defendant to commit the offense. If the

8

>>defendant is already disposed to commit the offense and acts pursuant to a criminal idea or purpose of his own, then there is no entrapment and the defendant can be found guilty.
>
>Id. at ¶36, citing *State v. Laney* (1991), 61 Ohio Misc.2d 688, 695, 583 N.E.2d 479. This court further held that the statute adequately limited the tactics of law enforcement in apprehending those who violated the statute. Id. at ¶37.
>
>Helle admits in his brief that this is not a classic case of entrapment and provides no argument that he was entrapped. The facts stated in the State's motion in opposition to the motion to dismiss are that Helle is the one who suggested the meeting, the one who drove 75 miles for the meeting, and the one who arrived at the meeting with a camera and condoms. Fn 2
>
>―――――――――――
>fn 2 No facts are found in the record as no transcript of the plea hearing and no presentence investigation were provided. Thus, this court only had the statements made in the record from which to determine basic facts.
>―――――――――――
>
>Without some evidence that he was entrapped, this court can find no evidence that the statute requires entrapment in order to apprehend offenders. Thus, the assignment of error is overruled.

This Court finds that the state appellate court holding was neither contrary to and/or did not involve an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, nor was it was based upon an unreasonable determination of the facts in light of the evidence presented. The same conclusion was reached by Judge Katz in Snyder v. Allen County Court of Common Pleas, Case No. 3:04CV7667 (February 21, 2006), adopting the Report and Recommended Decision of Magistrate Judge Armstrong, in which he denied the petition for writ of habeas corpus and upheld the constitutionality of R.C. 2907.07(D)(2).

It is, accordingly, recommended that the petition be dismissed without further proceedings.

9

                                                                                        s/DAVID S. PERELMAN  
                                                                            United States Magistrate Judge

DATE: December 6, 2006

## **OBJECTIONS**

        Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).