UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER HELLE** | ) | **CASE NO.3:06CV150** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **TERRY J. COLLINS, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondents.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner Christopher Helle's Petition under 28 USC §2254 for Writ of Habeas Corpus by a person in state custody (ECF #1). On May 24, 2006, the Petition was referred to the Magistrate Judge for a Report and Recommendation. On December 6, 2006, the Magistrate Judge issued his Report and Recommendation recommending the Petition be dismissed. On December 8, 2006, the Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation. For the following reasons, the Court ACCEPTS and ADOPTS and Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## **FACTS**

Petitioner challenges the constitutionality of his December 22, 2003, conviction for one count of Importuning in violation of Ohio Revised Code §2907.07(E)(2), subsequently renumbered O.R.C. §2907.07(D)(2).

O.R.C. 2907.07(D)(2) states:

(D) No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:

(2) The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.

In July 2003, Petitioner was indicted on one count of Importuning in violation of Ohio Revised Code §2907.07(E)(2) and one count of Attempted Unlawful Sexual Conduct With a Minor in violation of O. R.C. §2923.02 and §2907.04(A).  Petitioner pled not guilty and filed a Motion to Dismiss, alleging the indictment violated the Constitution of the United States and the Constitution of the State of Ohio.  Petitioner argued O. R.C. §2907.07(E)(2) unconstitutionally violated free speech and due process. The state court overruled Petitioner's Motion to Dismiss. On December 22, 2003, Petitioner withdrew his not guilty plea and entered a plea of No Contest to the charge of Importuning.  The state court accepted his plea and the charge of Attempted Unlawful Sexual Conduct with a Minor was dismissed. On February 3, 2004, Petitioner was adjudicated a sexually oriented offender.  On February 2, 2003, Petitioner was sentenced to four years community control.

On March 2, 2004, Helle filed a notice of appeal in the Allen County Court of Appeals, Third District. In his brief, Helle presented the following assignment of error:

> THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S
> MOTION TO DISMISS COUNT ONE OF THE INDICTMENT IN
> THIS CASE AS THE OFFENSE CHARGED, IMPORTUNING, R.C.
> 2907.07(E)(2), VIOLATES THE CONSTITUTION OF THE UNITED

STATES AND THE CONSTITUTION OF THE STATE OF OHIO.

On August 23, 2004, the appellate court affirmed Petitioner's conviction holding O.R.C. 2907.02(E)(2) was not unconstitutional.  Plaintiff appealed to the Ohio Supreme Court.  On February 2, 2005, the Ohio Supreme Court denied Plaintiff leave to appeal and dismissed the appeal.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.  *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any

3

findings or recommendations made by the magistrate.

## ANALYSIS

Upon *de novo* review of the filings and supporting materials presented, this Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation. Title 28 U.S.C. § 2254 (d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner contends O.R.C. §2907.07(D)(2) is unconstitutional for the following reasons:

1) It is facially unconstitutional because the prohibited speech involves no actual minors and is therefore, protected speech;
2) It is not narrowly tailored to serve a compelling state interest because no "real" children are involved and it does not seek to prevent solicitation of minors by other minors;
3) It is unconstitutional as applied to Petitioner because his communications to the police officer were not obscene, or fighting words and involved no child pornography and was therefore protected speech.
4) It is unconstitutional as applied because it seeks to punish mere thought as

4

it seeks to punish when "offender ***believes*** that the other person is thirteen years of age or older but less than sixteen years of age..." [Emphasis added].

The Magistrate Judge determined, and this Court agrees, the appellate court decision upholding the constitutionality of O.R.C. §2907.07(E)(2) was not "contrary to and/or did not involve an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, nor was it based upon an unreasonable determination of the facts in light of the evidence presented." In *State v. Helle*, No. 1-04-18, unreported 2004 WL 1873724, (Allen Cty. Aug. 23, 2004), the state appellate court determined O.R.C. §2907.07(E)(2) "governs the conduct of soliciting children to engage in sexual activity, and not the expression of ideas, it does not regulate free speech." Because Petitioner pled No Contest to Count One of the Indictment, Petitioner cannot now contest he believed he was soliciting a minor to engage in sexual activity. Believing he was engaging in a conversation with a minor and then acting on that belief in soliciting, what he believed to be, a minor for purposes of engaging in sexual activity, Petitioner engaged in conduct punishable by law.

Petitioner cites to the United States Supreme Court opinion in *Ashcroft v. Free Speech Coalition*, (2002) 535 U.S. 234 for the proposition that criminalizing communications where no children are involved is an impermissible restriction under the First Amendment. In *Ashcroft,* the Supreme Court held the Child Pornography Protection Act of 1996 unconstitutionally punished the production and possession of sexually explicit images that appeared to depict minors but were, in fact, produced without the use of real minors. The Court held speech which is lawful for adults to hear may not be completely silenced because of the desire to shield children from it. However, the Supreme Court in *Ashcroft* expressly distinguished unlawful solicitation from its

5

holding. "The Government, of course, may punish adults who provide unsuitable materials to children ... and it may enforce criminal penalties for unlawful solicitation." *Id*. at 251-252. In the case at bar, Petitioner was not punished for mere thought or belief. Rather, he was punished for his intention to solicit a minor which, was coupled with conduct acting on his belief. This punishment of intent, plus belief, plus conduct was expressly recognized by the Supreme Court as a lawful exercise of governmental power. Therefore, the Court agrees with the Magistrate Judge and overrules Petitioner's objection.

Petitioner further objects to the Magistrate Judge's Report and Recommendation holding O.R.C. §2907.07 (E)(2) constitutional because Petitioner contends Section (E)(2) is not narrowly tailored to meet a compelling state interest. Petitioner contends O.R.C. §2907.07(E)(2) punishes conduct that involves no real child. He argues that while the state may have a compelling interest in protecting children from sexual solicitation, Section (E)(2) does nothing to protect that compelling state interest because no minor is involved. Therefore, Petitioner contends, it is unconstitutionally overbroad because it bans protected speech between adults without preventing any real harm to a real juvenile. As the Magistrate Judge, citing to the Ohio appellate court opinion in *State v. Helle*, held, Section (E)(2) "requires a person to believe he is soliciting a minor for sexual activity. If the person so believes that he is soliciting a minor, he intends to violate the statute and his speech is not protected." The State's compelling interest in protecting children from sexual solicitation by adults is furthered by Section (E)(2). Section (E)(2) punishes the intent to solicit a minor coupled with the act of attempting to contact a minor for unlawful purposes. The fact that an officer intercepts the intended unlawful communication, preventing the harmful solicitation from reaching an actual child, clearly furthers the stated

purposes of the statute by protecting minors from the unlawful solicitation.

Petitioner also alleges Section (E)(2) fails to protect against all forms of solicitation of minors aged 13 to 15 because it unlawfully limits its prohibitions to offenders aged 18 and older. Petitioner states, " ...if the importuning statute were narrowly tailored to protect those persons between the ages of 13 to 15 from the emotional trauma of being solicited for sexual activity, Section (E)(2) would prohibit all forms of such "virtual" solicitation, regardless of the age of the offender.  This fact, coupled with the fact that Section (E)(2) does not involve situations with real minors, shows that Section (E)(2) is not narrowly tailored to serve a compelling governmental interest." Petitioner cites to *State v. Thompson*, 95 Ohio St.3d 264 (2002), where the Ohio Supreme Court ruled Section (B) of 2907.07 unconstitutional for violating the Equal Protection amendments of the Ohio and United States Constitutions.  In *Thompson*, the Ohio Supreme Court struck down Section (B)'s prohibition against offensive same sex solicitations because it was limited to same sex offensive solicitations and did not prohibit all offensive solicitations.  Petitioner claims Section (E)(2) similarly fails to prohibit all solicitations of minors for sexual conduct and ,therefore, pursuant to *Thompson,* it should be held unconstitutional.

The Court finds Petitioner's argument, like *Thompson*, is an Equal Protection argument under the Fourteenth Amendment.  Since Petitioner never raised an Equal Protection argument at the trial or appellate level, it is unexhausted and not properly before this Court.  Issues not presented as federal constitutional claims in the state courts are generally not cognizable by this Court in a federal habeas petition.  *Sweet v. Carter,* 22 F.Supp.2d 707, 718 (N.D. Ohio 1998). However, if the state no longer provides a remedy for the habeas petitioner, the question

becomes whether cause and prejudice exists to excuse the failure to present the claim in the state courts. *Id.* The petitioner shoulders the burden of proving cause and prejudice to excuse his failure to present the claim as a federal claim in the state courts. *Id.* Petitioner has presented no evidence of prejudice or cause why his Equal Protection claim was not raised at state court. Therefore, the Court dismisses this claim.

Petitioner objects on the grounds that as a threshold question his speech was not obscene, did not involve fighting words, or did not contain child pornography. Therefore, he claims, it was protected speech between two adults.

As the Magistrate Judge held, citing to the appellate court, Petitioner's speech was not "pure" speech, rather, it was intended to lure children into sexual activities with adults. Petitioner intended to solicit a minor. That he actually and unknowingly was communicating with an adult officer does not make the conduct plus speech protected "pure" speech. Therefore, the Court agrees with the Magistrate Judge's Report and Recommendation and finds Petitioner's argument without merit.

Finally, Petitioner contends O.R.C. §2907.07(E)(2) punishes mere thought or belief, which is an unconstitutional restriction of the First Amendment. The Magistrate Judge determined Petitioner had failed to exhaust this argument as it was raised for the first time in his habeas Petition. This Court agrees and adopts the Magistrate Judge's Report and Recommendation recommending dismissal of this claim. However, the Court further finds this argument was addressed in the Magistrate Judge's Report and Recommendation wherein, the Magistrate Judge, quoting *State v. Snyder,* 155 Ohio App.3d 452 (3rd Dist. 2003) stated, "R.C. 2907.07(E)(2) is not aimed at the expression of ideas or belief; rather, it is aimed at prohibiting

8

adults from taking advantage of minors and the anonymity and ease of communicating through telecommunications devices, especially the Internet and instant messaging devices, by soliciting minors to engage in sexual activity." This Court agrees with the sound reasoning of the appellate court. What O.R.C. §2907.07(E)(2) prohibits is not the free exchange of ideas or the mere expression of beliefs but conduct expressly intended to lure young children into sexual activities with adults. Clearly, Petitioner intended to exchange more than just ideas and beliefs with the minor with whom he thought he was communicating.

For the foregoing reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition in its entirety. Since Helle has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

　　　　IT IS SO ORDERED.


October 24, 2007                            s/Christopher A. Boyko
Date                                        CHRISTOPHER A. BOYKO
                                            United States District Judge